## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PANAGIOTIS KROKOS and CHARLES TUTTLE, on behalf of themselves and all others similarly situated,<br><br>         Plaintiffs,<br><br>    v.<br><br>APOLLO MANAGEMENT GROUP, LLC, and THE FRESH MARKET, INC.,<br><br>         Defendants. | No. 1:16-cv-12082 |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Panagiotis Krokos ("Krokos") and Charles Tuttle ("Tuttle") (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves, and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1.      This lawsuit seeks to recover unpaid overtime compensation for Plaintiffs and their similarly situated co-workers who worked for Defendants The Fresh Market, Inc. and Apollo Management Group, LLC (collectively, "The Fresh Market" or "Defendants") in the United States as exempt-classified Assistant Managers ("AMs").

2.      Plaintiffs bring this action to recover unpaid overtime compensation for themselves and similarly situated employees as a collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

3.      Plaintiff Krokos brings this action to recover unpaid overtime compensation for himself and similarly situated Massachusetts employees as a Fed. R. Civ. P. 23 class action under the Massachusetts Wage Laws ("MWL"), Mass. Gen. L. c. 151 § 1A, § 1B.

4.      Plaintiff Tuttle brings this action to recover unpaid overtime compensation for himself and similarly situated New York employees as a Fed. R. Civ. P. 23 class action under the New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq.*,

5.      The Fresh Market "is a high-growth specialty retailer focused on creating an extraordinary food shopping experience for its customers."  It sells "high-quality food products, with an emphasis on fresh, premium perishables and an uncompromising commitment to customer service."

6.       The Fresh Market currently operates more than 170 stores in 23 states.

7.      For fiscal year 2015, The Fresh Market made approximately $1.86 billion dollars in sales.

8.      The Fresh Market required Plaintiffs and other AMs to work long overtime hours without paying them any overtime compensation.

9.      The Fresh Market classified Plaintiffs and all of its other AMs as "executives" and treated them as exempt from the overtime requirements of federal and state laws.

10.     Plaintiffs and other AMs performed substantially the same duties in all The Fresh Market stores.

11.     Plaintiffs and AMs spent the majority of their time performing the same duties that hourly employees performed, including working the cash registers, merchandising, customer service, stocking, unloading trucks, and cleaning.  Performing these tasks was the primary duty of the AM position.

12.     The Fresh Market applied the same compensation and employment policies, practices, and procedures to its AMs nationwide.

## THE PARTIES

**Plaintiffs**

### *Panagiotis Krokos*

13.     Panagiotis Krokos is an adult individual who is a resident of Everett, Massachusetts.

14.     Krokos was employed by Defendants as an AM in Hingham, Massachusetts from approximately April 2009 until February 2014.

15.     Krokos frequently worked more than 40 hours per week and often worked between 50 and 55 hours per week.

16.     Pursuant to The Fresh Market's policy and pattern or practice, The Fresh Market did not pay Krokos premium overtime pay when he worked as an AM in excess of 40 hours in a workweek.

17.     Krokos is a covered employee within the meaning of the FLSA and MWL.

18.     A written consent form for Krokos is attached to this Class and Collective Action Complaint.

### *Charles Tuttle*

19.     Charles Tuttle is an adult individual who is a resident of Westfield, Massachusetts.

20.     Tuttle was employed by Defendants as an AM in Latham, New York from approximately May 2013 to March 2014.

21.     Tuttle was employed by Defendants as an AM in Saratoga, New York from approximately March 2014 to October 2015.

22.     Tuttle performed the same primary duties at both of these locations.

23.     Tuttle frequently worked more than 40 hours per week and often worked between 50 and 70 hours per week.

24.     Pursuant to The Fresh Market's policy and pattern or practice, The Fresh Market did not pay Tuttle any overtime premium pay when he worked as an AM in excess of 40 hours in a workweek.

25.     Tuttle is a covered employee within the meaning of the FLSA and the NYLL.

26.     A written consent form for Tuttle is attached to this Class and Collective Action Complaint.

**<u>Defendants</u>**

### *Apollo Management Group, LLC ("AMG")*

27.     Apollo Management Group LLC's principal executive office is located at 9 West 57th Street, 43rd Floor, New York, NY 10019.

28.     On April 27, 2016, AMG acquired the stock of The Fresh Market.

29.     Upon information and belief, as of April 27, 2016, AMG assumed the assets and liabilities to The Fresh Market.

30.     AMG is a covered employer within the meaning of the FLSA, MWL, and NYLL and, at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

***The Fresh Market Inc.***

31.     The Fresh Market, Inc. has owned and/or operated The Fresh Market stores during the relevant period, including the stores at which Plaintiffs worked.

32.     The Fresh Market is a covered employer within the meaning of the FLSA, MWL, and NYLL.

33.     At all times relevant, The Fresh Market maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including with respect to the timekeeping, payroll, and other employment practices that applied to them.

34.     The Fresh Market applies the same employment policies, practices, and procedures to all AMs at all The Fresh Market stores, including policies, practices, and procedures with respect to the payment of overtime compensation.

35.     Upon information and belief, at all times relevant, The Fresh Market's annual gross volume of sales made or business done was not less than $500,000.00.

## JURISDICTION AND VENUE

36.     The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, diversity jurisdiction pursuant to 28 U.S.C. § 1332, and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

37.     In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

38.     The amount in controversy in this matter exceeds the sum or value of $5,000,000 exclusive of interest and costs.

39.     At least one member of the proposed class is a citizen of a state different from that of at least one Defendant.

40.     Plaintiffs' claims involve matters of national or interstate interest.  Citizenship of the members of the proposed class is dispersed among a substantial number of states.

41.     Upon information and belief, each Defendant is subject to personal jurisdiction in Massachusetts.

42.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

43.     Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

44.     Plaintiffs bring the First Cause of Action, an FLSA claim, on behalf of themselves and all similarly situated persons who worked as AMs at The Fresh Market stores nationwide, who elect to opt-in to this action (the "FLSA Collective").

45.     Defendants are liable under the FLSA for, *inter alia,* failing to properly compensate Plaintiffs and other similarly situated AMs.

46.     Consistent with Defendants' policy and pattern or practice, Plaintiffs and the members of the FLSA Collective were not paid premium overtime compensation when they worked beyond 40 hours in a workweek.

47.     All of the work that Plaintiffs and the members of the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

48.     As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to

Plaintiffs and the members of FLSA Collective.  This policy and pattern or practice includes, but is not limited to:

> (a)   willfully failing to pay its employees, including Plaintiffs and the members of the FLSA Collective, premium overtime wages for hours that they worked in excess of 40 hours per workweek;

> (b)   willfully misclassifying Plaintiffs and the members of the FLSA collective as exempt from the protections of the FLSA; and

> (c)   willfully failing to record all of the time that its employees, including Plaintiffs and the members of the FLSA Collective, have worked for the benefit of Defendants.

49.   Defendants are aware or should have been aware that federal law required them to pay Plaintiffs and the members of the FLSA Collective overtime premiums for hours worked in excess of 40 per workweek.

50.   Plaintiffs and the members of the FLSA Collective perform or performed the same primary duties.

51.   Defendants' unlawful conduct has been widespread, repeated, and consistent.

52.   There are many similarly situated current and former AMs who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

53.   Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

54.   Similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## MASSACHUSETTS CLASS ACTION ALLEGATIONS

55.   Krokos brings the Second Cause of Action, the MWL claim, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

> All persons who work or have worked as an AM at any The
> Fresh Market store in Massachusetts between July 27,
> 2016, and the date of final judgment in this matter (the
> "Massachusetts Rule 23 Class").

56.     Excluded from the Massachusetts Rule 23 Class are Defendants, Defendants'

legal representatives, officers, directors, assigns, and successors, or any individual who has, or

who at any time during the class period has had, a controlling interest in Defendants; the

Judge(s) to whom this case is assigned and any member of the Judge(s)' immediate family; and

all persons who will submit timely and otherwise proper requests for exclusion from the

Massachusetts Rule 23 Class.

57.     The members of the Massachusetts Rule 23 Class are so numerous that joinder of

all members is impracticable.

58.     Upon information and belief, the size of the Massachusetts Rule 23 Class is at

least 40 individuals.  Although the precise number of such employees is unknown, the facts on

which the calculation of that number depends are presently within the sole control of Defendants.

59.     Defendants have acted or have refused to act on grounds generally applicable to

the Massachusetts Rule 23 Class, thereby making appropriate final injunctive relief or

corresponding declaratory relief with respect to the Massachusetts Rule 23 Class as a whole.

60.     Common questions of law and fact exist as to the Massachusetts Rule 23 Class that

predominate over any questions only affecting them individually and include, but are not limited to,

the following:

    a.     whether Defendants violated the MWL;

    b.     whether Defendants failed to compensate Krokos and the Massachusetts
           Rule 23 Class for hours worked in excess of 40 hours per workweek;

      c.      whether Defendants misclassified Krokos and the Massachusetts Rule 23 Class;

      d.      whether Defendants failed to keep true and accurate time and pay records for all hours worked by Krokos and the Massachusetts Rule 23 Class, and other records required by the MWL;

      e.      whether Defendants failed to furnish Krokos and the Massachusetts Rule 23 Class with an accurate statement of wages, hours worked, rates paid, and the gross wages as required by the MWL;

      f.      whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

      g.      the nature and extent of class-wide injury and the measure of damages for those injuries.

61.     The claims of Krokos are typical of the claims of the Massachusetts Rule 23 Class he seeks to represent.

62.     Krokos and the Massachusetts Rule 23 Class members work, or have worked, for Defendants as AMs at The Fresh Market.

63.     Krokos and the Massachusetts Rule 23 Class members enjoy the same statutory rights under the MWL, including the right to be paid overtime wages for all overtime hours worked.  Krokos and the Massachusetts Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the MWL.  Krokos and the Massachusetts Rule 23 Class members have all been injured in that they have been under-compensated due to Defendants' common policies, practices, and patterns of conduct.

64.     Krokos will fairly and adequately represent and protect the interests of the members of the Massachusetts Rule 23 Class.  Krokos understands that, as class representative, he assumes a fiduciary responsibility to the class to represent its interests fairly and adequately.  Krokos recognizes that, as class representative, he must represent and consider the interests of the class just as he would represent and consider his own interests.  Krokos understands that, in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over the class.  Krokos recognizes that any resolution of a class action must be in the best interest of the class.  Krokos understands that, in order to provide adequate representation, he must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial.  Krokos has retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Krokos and the Massachusetts Rule 23 Class members.

65.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the Massachusetts Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violations of the MWL.  Although the relative damages suffered by individual Massachusetts Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  The individual plaintiffs lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

66.     This action is properly maintainable as a class action under Federal Rule of Civil

Procedure 23(b)(3).

67.     Krokos has exhausted his administrative remedies by filing a Non-Payment of

Wage and Workplace Complaint Form with the Massachusetts Office of the Attorney General.

## NEW YORK CLASS ACTION ALLEGATIONS

68.     Tuttle brings the Third and Fourth Causes of Action, the NYLL claims, under

Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons

consisting of:

> All persons who work or have worked as an AM at any The
> Fresh Market store in New York between July 27, 2010,
> and the date of final judgment in this matter (the "New
> York Rule 23 Class").

69.     Excluded from the New York Rule 23 Class are Defendants, Defendants' legal

representatives, officers, directors, assigns, and successors, or any individual who has, or who at

any time during the class period has had, a controlling interest in Defendants; the Judge(s) to

whom this case is assigned and any member of the Judge(s)' immediate family; and all persons

who will submit timely and otherwise proper requests for exclusion from the New York Rule 23

Class.

70.     The members of the New York Rule 23 Class are so numerous that joinder of all

members is impracticable.

71.     Upon information and belief, the size of the New York Rule 23 Class is at least 40

individuals.  Although the precise number of such employees is unknown, the facts on which the

calculation of that number depends are presently within the sole control of Defendants.

72.     Defendants have acted or have refused to act on grounds generally applicable to the New York Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the New York Rule 23 Class as a whole.

73.     Common questions of law and fact exist as to the New York Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

h.      whether Defendants violated NYLL, Articles 6 and 19, and the supporting New York State Department of Labor regulations;

i.      whether Defendants failed to compensate Tuttle and the New York Rule 23 Class for hours worked in excess of 40 hours per workweek;

j.      whether Defendants misclassified Tuttle and the New York Rule 23 Class;

k.      whether Defendants failed to keep true and accurate time and pay records for all hours worked by Tuttle and the New York Rule 23 Class, and other records required by the NYLL;

l.      whether Defendants failed to provide Tuttle and the New York Rule 23 Class spread-of-hours pay when the length of their workday was greater than 10 hours;

m.      whether Defendants failed to furnish Tuttle and the New York Rule 23 Class with an accurate statement of wages, hours worked, rates paid, and the gross wages as required by the NYLL;

n.      whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

o.      the nature and extent of class-wide injury and the measure of damages for those injuries.

74.     The claims of Tuttle are typical of the claims of the New York Rule 23 Class he seeks to represent.

75.     Tuttle and the New York Rule 23 Class members work, or have worked, for Defendants as AMs at Fresh Market.

76.     Tuttle and the New York Rule 23 Class members enjoy the same statutory rights under the NYLL, including the right to be paid overtime wages for all overtime hours worked. Tuttle and the New York Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.  Tuttle and the New York Rule 23 Class members have all been injured in that they have been under-compensated due to Defendants' common policies, practices, and patterns of conduct.

77.     Tuttle will fairly and adequately represent and protect the interests of the members of the New York Rule 23 Class.  Tuttle understands that, as class representative, he assumes a fiduciary responsibility to the class to represent its interests fairly and adequately. Tuttle recognizes that, as class representative, he must represent and consider the interests of the class just as he would represent and consider his own interests.  Tuttle understands that, in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over the class.  Tuttle recognizes that any resolution of a class action must be in the best interest of the class.  Tuttle understands that, in order to provide adequate representation, he must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial.  Tuttle has retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Tuttle and the New York Rule 23 Class members.

78.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the New York Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violations of the NYLL.  Although the relative damages suffered by individual New York Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this

litigation.  The individual plaintiffs lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

79.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## COMMON FACTUAL ALLEGATIONS

80.     Throughout their employment with Defendant, Plaintiffs and the members of the FLSA Collective and the New York and Massachusetts Rule 23 Classes (collectively "Class Members") consistently worked more than 40 hours per week.

81.     Plaintiffs' and the Class Members' primary job duties are uniform throughout Fresh Market's stores.

82.     Defendants were aware that Plaintiffs and the Class Members worked more than 40 hours per workweek, yet Defendants failed to pay overtime compensation for hours worked over 40 in a workweek.

83.     Defendants did not keep accurate records of hours worked by Plaintiffs or the Class Members.

84.     Plaintiffs' and the Class Members' work hours are not recorded on paystubs.

85.     Defendants did not require Plaintiffs or the Class Members to clock in or out, or otherwise record their time.

86.     Plaintiffs' and the Class Members' primary duties were routine, non-exempt tasks including, but not limited to:

     a.     working the cash register;

     b.     customer service;

     c.     merchandising;

     d.     stocking;

     e.     unloading the truck; and

     f.     cleaning the store.

87.     Plaintiffs and the Class Members spent the majority of their time performing these duties that were the same as or similar to tasks performed by hourly, non-exempt employees.

88.     Plaintiffs' and the Class Members' primary duties as AMs did not differ substantially from the duties of hourly, non-exempt employees.

89.     Plaintiffs' and the Class Members' primary job duties as AMs did not include:

     a.     hiring;

     b.     firing;

     c.     making recommendations for hiring, firing, or other employment decisions;

     d.     scheduling; or

     e.     disciplining other employees.

90.     Plaintiffs' and the Class Members' primary job duties were not directly related to Defendants' management or general business operations.

91.     Plaintiffs' and the Class Members' primary job duties did not include the exercise of discretion or independent judgment regarding matters of significance.

92.     Plaintiffs and the Class Members were not involved in planning Defendants' long or short term business objectives.

93.     Plaintiffs and the Class Members did not formulate, affect, implement or interpret

Defendants' management policies or operating practices.

94.     Plaintiffs and the Class Members did not carry out major assignments that

affected Defendants' business operations.

95.     Plaintiffs and the Class Members did not have authority to commit Defendants' in

matters that had significant financial impact.

96.     Plaintiffs and the Class Members could not waive or deviate from Defendants'

established policies or procedures without prior approval.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiffs and the members of the FLSA Collective)**

97.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding

paragraphs.

98.     Defendants have engaged in a widespread pattern and practice of violating the

FLSA, as described in this Collective and Class Action Complaint.

99.     At all relevant times, Plaintiffs and the FLSA Collective were engaged in

commerce and/or the production of goods for commerce within the meaning of 29 U.S.C.

§§ 206(a) and 207(a).

100.    At all relevant times, Defendants employed Plaintiffs and the FLSA Collective.

101.    The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to

Defendants.

102.    At all relevant times, each Defendant has been an employer engaged in commerce

and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and

207(a).

103.    At all times relevant, Plaintiffs and the FLSA Collective were employees within

the meaning of 29 U.S.C. §§ 203(e) and 207(a).

104.    Defendants have failed to pay Plaintiffs and the FLSA Collective the overtime

wages to which they are entitled under the FLSA.

105.    Defendants' violations of the FLSA, as described in this Class and Collective

Action Complaint, have been willful and intentional.

106.    Because Defendants' violations of the FLSA have been willful, a three-year

statute of limitations applies, pursuant to 29 U.S.C. § 255.

107.    As a result of the unlawful acts of Defendants, Plaintiffs and the FLSA Collective

have been deprived of overtime compensation and other wages in amounts to be determined at

trial, and are entitled to recover of such amounts, liquidated damages, prejudgment interest,

attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION
**Massachusetts Wage Law – Unpaid Overtime**
**(Brought on behalf of Plaintiff Krokos and the members of the**
**Massachusetts Rule 23 Class)**

108.    Krokos re-alleges and incorporates by reference all allegations in all preceding

paragraphs.

109.    Defendants engaged in a widespread pattern, policy, and practice of violating the

MWL, as detailed in this Collective and Class Action Complaint.

110.    At all times relevant, Krokos and the members of the Massachusetts Rule 23

Class have been employees of Defendants within the meaning of the MWL.

111.    Krokos and the Massachusetts Rule 23 Class are covered by the MWL.

112.    Defendants have failed pay Krokos and the members of the Massachusetts

Rule 23 Class overtime wages to which they are entitled under the MWL.

113.    Defendants failed to pay Krokos and the members of the Massachusetts Rule 23 Class overtime at a wage rate of one and one-half times their regular rate of pay.

114.    Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Krokos and the members of the Massachusetts Rule 23 Class.

115.    Defendants' violations of the MWL, as described in this Collective and Class Action Complaint, have been willful and intentional.

116.    Due to Defendants' violations of the MWL, Krokos and the members of the Massachusetts Rule 23 Class are entitled to recover from Defendants unpaid overtime, reasonable attorneys' fees and costs of the action, liquidated damages as provided for by the MWL, and prejudgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**New York Labor Law – Unpaid Overtime**
**(Brought on behalf of Plaintiff Tuttle and the members of the New York Rule 23 Class)**

117.    Tuttle re-alleges and incorporates by reference all allegations in all preceding paragraphs.

118.    Defendants engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Collective and Class Action Complaint.

119.    At all times relevant, Tuttle and the members of the New York Rule 23 Class have been employees of Defendants within the meaning of the NYLL.

120.    Tuttle and the New York Rule 23 Class are covered by the NYLL.

121.    Defendants have failed pay Tuttle and the members of the New York Rule 23 Class overtime wages to which they are entitled under the NYLL.

122.    Defendants failed to pay Tuttle and the members of the New York Rule 23 Class overtime at a wage rate of one and one-half times their regular rates of pay.

123. Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Tuttle and the members of the New York Rule 23 Class.

124. Defendants' violations of the NYLL, as described in this Collective and Class Action Complaint, have been willful and intentional.

125. Due to Defendants' violations of the NYLL, Tuttle and the members of the New York Rule 23 Class are entitled to recover from Defendants unpaid overtime, reasonable attorneys' fees and costs of the action, liquidated damages as provided for by the NYLL, and prejudgment and post-judgment interest.

**FOURTH CAUSE OF ACTION**
**New York Labor Law – Spread-of-Hours Pay**
**(Brought on behalf of Tuttle and the members of the New York Rule 23 Class)**

126. Tuttle re-alleges and incorporates by reference all allegations in all preceding paragraphs.

127. Defendants willfully failed to pay Tuttle and the members of the New York Rule 23 Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each day that the length of the interval between the beginning and end of their workday – including working time plus time off for meals plus intervals off duty – was greater than 10 hours.

128. By Defendants' failure to pay Tuttle and the members of the New York Rule 23 Class spread-of-hours pay, Defendants have willfully violated the NYLL, and the supporting New York State Department of Labor regulations, 12 NYCRR 146-1.6.

129. Due to Defendants' violations of the NYLL, Tuttle and the members of the New York Rule 23 Class are entitled to recover from Defendants their unpaid spread-of-hours wages,

liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, respectfully request that this Court grant the following relief:

A.    That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all AMs and similarly situated employees who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked at Fresh Market.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.    Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations;

C.    Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.    Designation of Plaintiff Tuttle as representative of the New York Rule 23 Class and counsel of record as Class Counsel;

E.    Designation of Plaintiff Krokos as representative of the Massachusetts Rule 23 Class and counsel of record as Class Counsel;

F.    Issuance of a declaratory judgment that the practices complained of in this Collective and Class Action Complaint are unlawful under the NYLL and MWL;

G.    Penalty damages under the NYLL and MWL;

H.      Prejudgment and post-judgment interest;

I.      An injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL and MWL;

J.      Reasonable incentive awards for each named Plaintiff to compensate them for the time they spent attempting to recover wages for Class Members and for the risks they took in doing so;

K.      Reasonable attorneys' fees and costs of the action; and

L.      Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated:  October 18, 2016
        Boston, Massachusetts.

Respectfully submitted,

By:  /s/ Hillary Schwab
Hillary Schwab, BBO #666029
Brant Casavant, BBO #672614
**FAIR WORK P.C.**
192 South Street, Suite 450
Boston, Massachusetts 02111
Telephone: (617) 607-3261
Fax: (617) 488-2261
hillary@fairworklaw.com
brant@fairworklaw.com

**OUTTEN & GOLDEN LLP**
Justin M. Swartz*
Michael J. Scimone*
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone:     (212) 245-1000

**SHAVITZ LAW GROUP, P.A.**
Michael Palitz*
830 3rd Avenue, 5th Floor
New York, New York 10022
Telephone:     (800) 616-4000

Gregg I. Shavitz*
1515 S. Federal Hwy
Boca Raton, Florida 33432
Telephone:     (561) 447-8888

*Attorneys for Plaintiffs and the Putative
Class and Collective*

* *Pro hac vice* applications forthcoming.