# COURT AUTHORIZED NOTICE
# TO POTENTIAL COLLECTIVE ACTION MEMBERS

**If you worked for The Fresh Market, Inc. as a salaried, exempt Assistant Store Manager outside of California at any time from October 18, 2013 to February 10, 2017, please read this notice.**

## A collective action lawsuit may affect your legal rights.

*This is a court authorized notice.  This is not a solicitation from a lawyer.*

- Two Former Assistant Store Managers, Panagiotis Krokos and Charles Tuttle ("Plaintiffs"), filed a collective action lawsuit, in the United States District Court for the District of Massachusetts, against The Fresh Market Inc. ("Fresh Market"), claiming that Fresh Market misclassified them as exempt from overtime, and failed to pay them and other similarly situated exempt Assistant Store Managers overtime for the hours they worked over 40 in a workweek.

- The lawsuit is proceeding as a collective action on behalf of exempt Assistant Store Managers who worked for Fresh Market outside California at any time from October 18, 2013 to February 10, 2017, and who believe they performed primarily non-managerial duties in their role as an Assistant Store Manager.

- The Court has not decided who is right and who is wrong, and the right to recover any unpaid wages or other amounts has not yet been established.  Your legal rights, however, may be affected by the decision you make now, so please read this entire notice.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **ASK TO BE INCLUDED** | If you choose to be included in this collective action, you keep the possibility of getting money or benefits from a trial or a settlement in this lawsuit, but you give up any rights to separately sue Fresh Market about the same legal claims in this lawsuit.  You also agree that Plaintiffs' counsel can act as your representative in this lawsuit and may make decisions affecting your claims.  If you choose to be included in this collective action, you may be asked to provide documents, testimony, or other information regarding your employment at Fresh Market.  Please read this entire notice for more details.<br><br>**If you wish to be included, you must complete and submit the form at the end of this Notice on or before April 24, 2017.** |

**Questions?**
Contact Michael J. Scimone at:
(212) 245-1000 or FreshMarketOvertimeSuit@outtengolden.com
Contact Michael Palitz at:
(800) 616-4000 or mpalitz@shavitzlaw.com
Contact Hillary Schwab at:
(617) 607-3261 or Hillary@fairworklaw.com

| | |
|---|---|
| **DO NOTHING** | By doing nothing, you will not be included in this collective action. This means that you give up the possibility of getting money or benefits that may come from a trial or settlement in this lawsuit if the Plaintiffs are successful. You keep any rights to sue Fresh Market separately about the same legal claims in this lawsuit, but the limitations period on your federal claim will continue to run. |

**1. Why did I get this notice?**

You are getting this notice because Fresh Market records show that you worked as an exempt Assistant Store Manager in a state other than California between October 18, 2013 and February 10, 2017.

The Court has authorized this notice to be sent to you and other Assistant Managers to inform you of the case and your right to join it.

**2. What is this lawsuit about?**

The lawsuit alleges that Assistant Store Managers should have received overtime under the Fair Labor Standards Act ("FLSA") for the hours they worked over 40 in a workweek, because Fresh Market improperly classified them as "exempt" from the FLSA's overtime protections. Plaintiffs claim that they, and other Assistant Store Managers, performed primarily non-management hourly tasks, did not exercise discretion or independent judgment regarding matters of significance, and therefore should have been paid overtime. Fresh Market denies these allegations and claims that Assistant Managers are exempt from overtime. The Court has not yet decided who is correct.

The Honorable Indira Talwani, United States District Judge in the District of Massachusetts, is overseeing the lawsuit. The lawsuit is known as *Krokos v. The Fresh Market, Inc.*, No. 16 Civ. 12082.

**3. What is a collective action and who is involved?**

In a collective action lawsuit, one or more people may bring a lawsuit on behalf of themselves and others who are similarly situated to them. All Assistant Store Managers who decide to participate in the FLSA claims in this case are part of the "Collective" and are "Collective Members." One court resolves the issues for all Collective Members.

**Questions?**
Contact Michael J. Scimone at:
(212) 245-1000 or FreshMarketOvertimeSuit@outtengolden.com
Contact Michael Palitz at:
(800) 616-4000 or mpalitz@shavitzlaw.com
Contact Hillary Schwab at:
(617) 607-3261 or Hillary@fairworklaw.com

### 4. Why is this lawsuit a Collective Action?

The Court has conditionally authorized this case to proceed as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b).  The Court has not yet decided whether Plaintiffs or Fresh Market are correct with respect to the legal claims and defenses.

### 5. What is Fresh Market's position?

Fresh Market maintains that Assistant Store Managers are correctly classified as exempt from the FLSA's overtime requirements, because their primary duties are managerial in nature and they exercise discretion and independent judgment regarding matters of significance.

### 6. Has the Court decided who is right?

The Court has not decided whether Fresh Market or the Plaintiffs are correct.  By conditionally certifying the Collective and authorizing the issuance of this notice, the Court is not suggesting that the Plaintiffs will win or lose the case.

### 7. What are the Plaintiffs asking for?

The Plaintiffs are seeking to recover unpaid overtime, liquidated damages in an amount equal to the unpaid overtime, attorneys' fees, and costs for themselves and others who join the case.

### 8. How do I ask the Court to include me in the case?

Enclosed is a form called "Consent to Join."  You should join this lawsuit if you would like to become a party plaintiff.

**If you want to join this lawsuit, you must read, sign and promptly return the Consent to Join Form by <u>April 24, 2017</u>**.  An addressed and postage-paid envelope is enclosed for your convenience.  Should the enclosed envelope be lost or misplaced, the Consent to Join Form must be sent to:

**Fresh Market Overtime Suit**
**[Insert Claims Administrator Address and Fax Information]**
**Email: FreshMarketOvertimeSuit@outtengolden.com**

The signed Consent to Join form must be emailed, faxed, or postmarked by <u>April 24, 2017</u>.

**Questions?**
Contact Michael J. Scimone at:
(212) 245-1000 or FreshMarketOvertimeSuit@outtengolden.com
Contact Michael Palitz at:
(800) 616-4000 or mpalitz@shavitzlaw.com
Contact Hillary Schwab at:
(617) 607-3261 or Hillary@fairworklaw.com

3

**If your signed Consent to Join Form is not emailed, faxed, postmarked, or otherwise submitted by <u>April 24, 2017</u>, you will not participate in this lawsuit, you will not share in a monetary recovery, and you will not be bound by any settlement or judgment.**

### 9. What happens if I do nothing at all?

If you choose not to join this lawsuit, you will not be affected by any ruling, judgment or settlement regarding the FLSA claims that is rendered in this case, whether favorable or unfavorable.  You will <u>not</u> be entitled to share any amounts recovered by the Plaintiffs with respect to the FLSA claims as part of this lawsuit.  You also will be free to independently retain your own counsel and file your own individual lawsuit, subject to any defenses that might be asserted.  You should be aware that your FLSA claims are limited by a two- or three-year statute of limitations, and delay in joining this action, or proceeding separately, may result in some or all of your claims expiring.

### 10. What happens if I join the lawsuit?

If you choose to join this lawsuit, you will be bound by any ruling, settlement or judgment relating to the FLSA claims, whether favorable or unfavorable.  You will also share in any proceeds from a settlement or judgment favorable to the Collective, if there is one.  By joining this lawsuit, you designate the Plaintiffs as your representatives, and to the fullest extent possible, agree that they may make decisions on your behalf concerning the case, the method and manner of conducting the case, the payment of attorneys' fees, service awards and court costs, the approval of any settlement, and all other matters pertaining to this lawsuit.  These decisions and agreements made and entered into will be binding on you if you join the lawsuit.

### 11. Will I have to do anything if I join the lawsuit?

While this suit is pending, you may be asked to provide documents or information relating to your employment by Fresh Market, appear for a deposition to give sworn testimony, appear as a witness at trial, and/or otherwise participate in written and/or oral discovery proceedings and/or in a trial of this matter.

### 12. Can Fresh Market and/or my current employer retaliate against me if I join the lawsuit?

No.  It is a violation of federal law for Fresh Market or any other employer to fire, discipline, or in any manner discriminate or retaliate against you for taking part in this case.  If you believe that you have been penalized, discriminated against, or disciplined in any way as a result of your receiving this notification, considering whether to join this lawsuit, or actually joining this lawsuit, please contact Plaintiffs' lawyers or other lawyers of your choosing right away.

**Questions?**
Contact Michael J. Scimone at:
(212) 245-1000 or <u>FreshMarketOvertimeSuit@outtengolden.com</u>
Contact Michael Palitz at:
(800) 616-4000 or mpalitz@shavitzlaw.com
Contact Hillary Schwab at:
(617) 607-3261 or Hillary@fairworklaw.com

**13. Do I have a lawyer in this case?**

If you choose to join the lawsuit, you will be represented by Plaintiffs' counsel, Outten & Golden LLP, Shavitz Law Group, P.A., and Fair Work, P.C. Information about Plaintiffs' counsel is available at: www.outtengolden.com, www.shavitzlaw.com, and www.fairworklaw.com, and their contact information is provided in Section 16 below.

**14. Should I get my own lawyer?**

You do not need to hire you own lawyer because Plaintiffs' counsel will represent you if you choose to join the lawsuit. However, if you want your own lawyer, you may retain one, but you may have to pay for that lawyer.

**15. How will the Plaintiffs' lawyers be paid?**

The Plaintiffs have entered into a contingency fee agreement with Plaintiffs' counsel, which means that if Plaintiffs do not win, there will be no attorneys' fees or costs chargeable. Under the fee agreement, in the event there is a recovery, Plaintiffs' counsel will apply to the Court for a portion of any settlement obtained or money judgment entered in favor of the Plaintiffs and the Collective in an amount the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the amount of time expended on the lawsuit; or (2) one-third of the gross settlement or judgment amount. Fees may be part of a settlement obtained or money judgment entered in favor of the Plaintiffs, or may be ordered by the Court to be separately paid by Fresh Market, or may be a combination of the two. A copy of the contingency fee agreement executed by the Plaintiffs may be obtained upon request from Plaintiffs' counsel.

**16. Questions?**

If you have any questions, you may write, e-mail, or call Plaintiffs' counsel:

| | |
|---|---|
| Justin M. Swartz | Gregg Shavitz |
| Michael J. Scimone | Michael Palitz |
| Outten & Golden LLP | Shavitz Law Group, P.A. |
| 685 Third Avenue, 25th Floor | 1515 South Federal Highway Suite 404 |
| New York, NY 10017 | Boca Raton, FL 33432 |
| (212) 245-1000 or toll-free at (877) 468-8836 | (800) 616-4000 |
| FreshMarketOvertimeSuit@outtengolden.com | mpalitz@shavitzlaw.com |

**Questions?**
Contact Michael J. Scimone at:
(212) 245-1000 or FreshMarketOvertimeSuit@outtengolden.com
Contact Michael Palitz at:
(800) 616-4000 or mpalitz@shavitzlaw.com
Contact Hillary Schwab at:
(617) 607-3261 or Hillary@fairworklaw.com

Brant Casavant
Hillary Schwab
Fair Work P.C.
192 South Street, Suite 450
Boston, MA 02111
(617) 607-3261 (direct)
Hillary@fairworklaw.com

DATED:  \_\_\_\_\_, 2017

**Questions?**
Contact Michael J. Scimone at:
(212) 245-1000 or <u>FreshMarketOvertimeSuit@outtengolden.com</u>
Contact Michael Palitz at:
(800) 616-4000 or mpalitz@shavitzlaw.com
Contact Hillary Schwab at:
(617) 607-3261 or Hillary@fairworklaw.com

6